**Opinion filed July 29, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00030-CR

_____

**TIMOTHY PURCELL GILPIN, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. 98-01-02063-CCCR-A**

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's order denying an application for writ of habeas corpus. TEX. R. APP. P. 31. The appeal was abated in order that the trial court could enter appropriate findings under TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (Vernon 2005). Based on the trial court's findings that a new trial should be granted, the order denying the application is reversed, and the cause is remanded to the trial court for a new trial.

The trial court originally convicted Timothy Purcell Gilpin, upon his plea of guilty, of the offense of misapplication of fiduciary property and assessed his punishment at confinement for six years. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the sentence and placed appellant on community supervision for six years. Appellant filed an

application for writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005) contending that his plea of guilty was not knowingly, voluntarily, or intelligently entered and that he had not received effective assistance from his trial counsel. Appellant argued that his trial counsel failed to advise him that he could avoid deportation if he would accept the offer of deferred adjudication. He did not pursue deferred adjudication, was adjudicated guilty and placed on community supervision, and now faces deportation.

In response to our abatement, the trial court found that trial counsel knew appellant was not a citizen of the United States, that trial counsel negotiated plea options of either deferred adjudication or "regular probation," and that appellant chose "regular probation" because he was unable to pay his restitution up front as required by the deferred adjudication plea agreement due to bankruptcy. The trial court further found that trial counsel was not aware and did not warn appellant that a plea to "regular probation" would necessarily result in his deportation. In its findings, the trial court stated that trial counsel did advise appellant that he did not have to enter into a plea bargain if he had any questions, that trial counsel told appellant that he would refer him to immigration counsel if appellant wanted, and that appellant would not have pleaded guilty pursuant to the agreement if he had known that deportation would necessarily have been the result.

The trial court then concluded that appellant's plea was involuntarily and unknowingly made because he was unaware that deportation would necessarily be the result. The trial court also concluded that appellant should be granted the relief he requested in his application: a new trial.

Therefore, we sustain appellant's arguments that his plea was neither knowingly nor voluntarily entered. The order denying the application is reversed, and the cause is remanded to the trial court for a new trial.

PER CURIAM

July 29, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.